UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CURTIS A. SCHOREY, <br><br> Plaintiff, <br><br> v. <br><br> QUINTON GREER, JOHN DOE, and JOHN DOE, <br><br> Defendants. | CAUSE NO. 1:24-CV-494-HAB-SLC |

OPINION AND ORDER

Curtis A. Schorey, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Schorey sues Detective Quinton Greer of the Wells County Sheriff's Department and unknown officers with the Indiana State Police and the Bluffton City Police, alleging they violated his Fourth Amendment right to be free from unreasonable searches and seizures when they arrested him and searched his house in Bluffton, Indiana. He alleges that on August 16, 2022, he was woken up by law enforcement

beating his door with a battering ram. Then Schorey heard someone over a bullhorn identifying himself as law enforcement. The officer advised Schorey and the other occupants of the house that they were surrounded and needed to come out with their hands up. Schorey alleges he did not exit right away; he first got dressed and secured his dogs in the bathroom. He left through the back door because the front door had been destroyed. When Schorey exited the home, he alleges he was immediately manhandled by at least a dozen officers with tactical weapons. He says he was searched, cuffed, and thrown into an SUV to be taken to the Wells County Jail.

Schorey alleges that after he left, officers illegally entered his home without his consent or a search warrant. They took weapons and other items of personal property. He says his house was damaged to such an extent that it was deemed uninhabitable by the county. Once he posted bond, he had to rent a motel room until a contractor could repair the damage.

Public records show that Schorey was arrested pursuant to a warrant, which he doesn't challenge here. *See State v. Schoney*, No. 90C01-2208-F2-000004 (Wells Cir. Ct. filed Aug. 16, 2022), available at mycase.in.gov. An arrest pursuant to a valid warrant is presumptively constitutional, *see Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010), but can nonetheless violate the Fourth Amendment if it was carried out in an unreasonable manner. *Wilson v. Arkansas*, 514 U.S. 927, 934 (1995). The "method of an officer's entry into a dwelling [is] among the factors to be considered in assessing the reasonableness of a search or seizure." *Id.*

2

A valid arrest warrant carries with it the authority to enter the home of the person named in the warrant to execute it, so long as the police have a reasonable belief that the person resides there and is present. *See Payton v. New York,* 445 U.S. 573, 603 (1980). Police may conduct a warrantless search of a place incident to arrest, limited to the "area 'within [the arrestee's] immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California*, 395 U.S. 752, 763 (1969). And in conducting an otherwise appropriate entry into a home, the police can conduct a limited "sweep" of the premises, limited to "a cursory inspection of those spaces where a person may be found" when "the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." *United States v. Contreras*, 820 F.3d 255, 268 (7th Cir. 2016) (quoting *Maryland v. Buie*, 494 U.S. 325, 335-37 (1990)). A warrantless search beyond that scope may violate the Fourth Amendment.

Schorey's complaint, however, may not proceed because he does not identify a proper defendant. Individual liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). As to Detective Greer, Schorey does not mention him in the body of the complaint. He does not explain how the detective was personally involved in the arrest or search or even allege that the detective was present that night. There is no plausible basis in the complaint to infer that Detective Greer was involved in the events at issue here.

3

The unknown police officers who took part in the arrest and search would have the personal involvement needed to be held liable for any constitutional violations. But Schorey cannot proceed against unknown John Doe defendants; they must be identified in order to be served. Normally, when a prisoner is not "in a position to identify the proper defendants . . . it is the duty of the district court to assist him, within reason, to make the necessary investigation." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) (citation omitted). "[T]he court may assist the plaintiff . . . by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible . . . ." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Here, however, it is too late to do that because the statute of limitations has already expired.

"Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). The statute of limitations for a claim that a search or seizure violated the Fourth Amendment accrues at the time of the incident. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Schorey alleges the search occurred on August 16, 2022. He attests that he submitted this complaint for filing on August 1, 2024, just two weeks before the statute of limitations would expire.

It is unclear why Schorey waited until nearly the end of the limitations period to file this lawsuit, but it is clear he left himself no meaningful time to conduct discovery and identify proper defendants. He also further delayed the case by filing it initially in in the Southern District of Indiana without a copy of his inmate trust fund ledger. ECF 1, ECF 2, ECF 6. Not until Schorey paid the initial partial filing fee on October 8, 2024, was this case ripe for screening because "the statutory formula . . . required him to prepay part of the filing fee before the district court considered the merits of the case in any fashion." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). By then, the statute of limitations had expired.

In order for a defendant to be added after the statute of limitations has ended, a plaintiff must satisfy the "relation back" requirements in Federal Rule of Civil Procedure 15. Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Suing an "unknown" defendant is not a "mistake." *Id.* at 914-15; *see Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("Not knowing a defendant's name is not a mistake under Rule 15."); *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." (citations omitted)). Ultimately, "[i]t is the plaintiff's responsibility to determine the

5

proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). Therefore, the case cannot proceed against the unknown John Doe officers.

This complaint does not state a claim for which relief can be granted. If Schorey believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Curtis A. Schorey until **January 2, 2025**, to file an amended complaint; and

(2) CAUTIONS Curtis A. Schorey if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 26, 2024.

                     s/ Holly A. Brady
                     CHIEF JUDGE HOLLY A. BRADY
                     UNITED STATES DISTRICT COURT