UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CURTIS A. SCHOREY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-494-HAB-SLC |
| QUINTON GREER, | |
| Defendants. | |

## OPINION AND ORDER

Curtis A. Schorey, a prisoner without a lawyer, filed an amended complaint. ECF 16. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This case concerns the execution of an arrest warrant and a warrant to search Schorey's home on August 17, 2022. Schorey alleges that he was woken up early that morning by Detective Quinton Greer of the Wells County Sheriff's Department and other law enforcement officers breaking down the front door of his home. They stated they had a warrant to arrest him and warrant to search his property.

Schorey alleges that his wife exited the home first, and she was put in a police vehicle and interrogated. Schorey says he left the home next, after he secured his dogs in the bathroom. He exited through the rear door, since the front door was destroyed. Officers with tactical weapons met him outside his home, and he was immediately cuffed, searched, and escorted to the Wells County Jail. Schorey alleges that after he left the scene, Detective Greer, Wells County Deputy Ferral (Chip) Swindell, Bluffton Police Officer Marijean Heckel, and others entered his home and removed bags of contents from his home, including, but not limited to, personal property.

Schorey alleges the officers' mode of entry made his home uninhabitable and he had to hire a contractor to reconstruct the entire front wall of his home. Schorey claims his Fourth Amendment rights were violated because Detective Greer didn't have a warrant to enter his home and, additionally, there was no need to break down the door because he came out of his own free will.

Schoney has plausibly alleged the arrest warrant (which he doesn't challenge) was executed in an unreasonable manner in violation of the Fourth Amendment. An arrest pursuant to a valid warrant is presumptively constitutional, *see Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010), and a valid warrant carries with it the authority to enter the home of the person named in the warrant to execute it, so long as the police have a reasonable belief that the person resides there and is present, *see Payton v. New York,* 445 U.S. 573, 603 (1980). However, the arrest can nonetheless violate the Fourth Amendment if it was carried out in an unreasonable manner. *Wilson v. Arkansas*, 514 U.S. 927, 934 (1995). The "method of an officer's entry into a dwelling [is] among the

2

factors to be considered in assessing the reasonableness of a search or seizure," which includes whether the officer knocked and announced his presence before resorting to a forcible entry. *Id.* There are exceptions to the knock and announce requirement, including when an officer has "reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997). Discovery may reveal that Detective Greer announced his presence before forcibly breaking the door, or that breaking down the door was reasonable under the circumstances. However, giving Schorey the benefit of all plausible inferences, as is required at this stage of the case, Schorey may proceed against Detective Greer on a claim that he unreasonably entered Schorey's home while executing a warrant on August 17, 2022.

Schorey, however, may not proceed against the remaining defendants because he did not add them to the lawsuit until after the statute of limitations had passed. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). This means that the statute of limitations would expire on August 17, 2024 — two years after the search occurred. Schorey initially filed suit on

August 1, 2024,[1] just 16 days before the statute of limitations on his claim would end.[2] In that complaint, he sued Detective Quinton Greer, a John Doe officer from the Indiana State Police, and a John Doe officer from the Bluffton City Police. ECF 1. The court determined that the complaint did not state a claim against Detective Greer because his personal involvement in the arrest and search was not explained, (ECF 15 at 3), a deficiency that has been remedied in the amended complaint. As for the unknown officers who carried out the arrest and the search, although they had the requisite personal involvement in the search to be held liable, an unknown officer cannot be served with summons and the complaint. Schorey did not file suit in time for them to be identified within the 16 remaining days of the statute of limitations, so the court did not allow the case to proceed against them. *Id.* at 4-6.

In this amended complaint, Schorey again names Detective Quinton Greer as a defendant and adds four additional defendants: Deputy Swindell, Officer Heckel, the

---

[1] The complaint was not docketed until August 15, 2024, when it was received by the District Court for the Southern District of Indiana, but Schorey signed the complaint and stated he placed it in the prison mail system on August 1, 2024, so he gets the benefit of that date for purposes of when he filed the complaint. *See Houston v. Lack*, 487 U.S. 266 (1988). However, the case was held up because there were issues regarding the filing fee. *See* ECF 6; *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) ("[T]he statutory formula require[s] him to prepay [the initial partial] filing fee before the district court consider[s] the merits of the case in any fashion."). The case was not transferred to this court, where it should have been filed, until after Schorey's filing fee situation was resolved. ECF 10, 11. Thus, by the time the case was ready to be screened, more than three months had passed. Schorey was advised that to add additional defendants after the statute of limitations expires, he would have to satisfy the requires of relation back in Fed. R. Civ. P. 15(c). ECF 15 at 5.

[2] The court notes that the end of the statute of limitations, August 17, 2024, fell on a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The court interprets this to mean that a complaint filed on Monday, August 19, 2024, would be considered timely. *See Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000). The court does not interpret this to mean that two extra days are added to the statutory period whenever the last day happens to fall on a Saturday.

4

Adams County Drug Task Force, and the Indiana State Police. ECF 16 at 1-2. His amended complaint was signed on December 23, 2024, (ECF 16 at 7), which is 27 days after the court's first screening order denying him leave to proceed was issued. *See Robinson v. Doe*, 272 F.3d 921, 922 (7th Cir. 2001) ("The statute of limitations in a suit based on federal law, as this one is, stops running when the complaint is filed, though it may resume running later." (citations omitted)). Assuming the statute of limitations was tolled from when Schorey filed the complaint to when the court issued the screening order, the amended complaint was filed after the statute of limitations expired.

In order for a defendant to be added after the statute of limitations has ended, a plaintiff must satisfy the "relation back" requirements in Federal Rule of Civil Procedure 15. Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Suing an "unknown" defendant is not a "mistake." *Id.* at 914-15; *see Rodriguez v. McCloughen*, 49 F.4th 1120, 1123 (7th Cir. 2022) ("[U]sing a placeholder cannot be a 'mistake' for the purpose of Rule 15(c)(1)(C)(ii) because the plaintiff knows that no one named 'John Doe' was involved."). Ultimately, "[i]t is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006).

Assuming the two new individual officers are the unknown "John Does" named in the original complaint, Schorey cannot use relation back to substitute them as defendants after the statute of limitations has ended. And he provides no explanation for his delay in naming these defendants that might suggest equitable tolling could apply. *See Trzeciak v. State Farm Fire & Cas. Co.*, 809 F.Supp.2d 900, 911-12 (N.D. Ind. 2011) (summarizing Indiana law governing equitable tolling). These defendants will be dismissed.

The Adams County Drug Task Force and the Indiana State Police were not named as defendants in the initial complaint and therefore cannot be added now. Furthermore, Schorey cannot sue the Indiana State Police in a suit under 42 U.S.C. § 1983. "[A] state and its agencies are not suable persons within the meaning of section 1983." *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *see also Endres v. Indiana State Police*, 349 F.3d 922, 927 (7th Cir. 2003) ("The Indiana State Police, as a unit of state government, is not a person as § 1983 uses that term and therefore is not amenable to a suit for damages under that statute."). They will also be dismissed.

For these reasons, the court:

(1) GRANTS Curtis A. Schorey leave to proceed against Detective Quinton Greer in his individual capacity for compensatory and punitive damages for unreasonably executing an arrest and search warrant by breaking down the door to Schorey's home August 17, 2022, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ferral Swindell, Marijean Heckel, Drug Task Force, and Indiana State Police;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Detective Quinton Greer at the Wells County Sheriff's Department, with a copy of this order and the complaint (ECF 16);

(5) ORDERS the Wells County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Detective Quinton Greer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 5, 2025.

    s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT